IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>ANKER ENERGY CORPORATION</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td></td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CIVIL NO.: WDQ-05-00934</td></tr>
<tr><td>BARTON MINING CORPORATION</td><td>*</td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
</table>

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION AND ORDER

In this diversity action, Anker Energy Corporation
("Anker") sued Barton Mining Corporation ("Barton") for breach
of contract in violation of Maryland law. Pending is Barton's
motion to dismiss for lack of subject matter jurisdiction. For
the following reasons, Barton's motion to dismiss will be
granted.

I.   BACKGROUND

On December 12, 1998, Anker and Barton entered into a
eight-year fuel supply agreement (the "Agreement"). *See*
Complaint at ¶9. Pursuant to the Agreement, Barton agreed to
supply Anker with 20,000 tons of coal per month. *Id.* at ¶10.
Beginning in November 2004, Barton consistently failed to meet
its obligations under the Agreement. *Id.* at ¶14. On January

1

7, 2005, Anker notified Barton that it was in default. *Id.* After receiving this notice, Barton continued to deliver less than the required tonnage. *Id.* at ¶15.  On February 18, a few days after receiving another default notice, Barton claimed that its inability to perform was caused by force majeure. *Id.* at ¶ 23.  Anker, however, disputed that the event constituted force majeure. *Id.*

On April 5, 2005, Anker filed this suit.[1]  Barton contends that the parties must resolve their dispute pursuant to the Agreement's arbitration provision.

## II. LEGAL DISCUSSION

A.   Motion to Dismiss

1.   Standard of Review

In a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the defendant may argue either that the complaint fails to allege

---

[1]Anker sought injunctive relief, specific performance and monetary damages for Barton's breach. On May 5, the Court granted Anker's motion for preliminary injunction and ordered specific performance of Barton's contractual obligations. *See* Order dated 5/23/05.  The Court denied other requested injunctive relief.

facts upon which subject matter may be based, or that the jurisdictional facts alleged are untrue. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  When the allegations in the complaint are assumed to be true, the court will consider the motion as one brought under Rule 12(b)(6).  *Id.*

   2.   Arbitration Provision

   The Federal Arbitration Act does not "mandate arbitration of all claims, but merely the enforcement...of privately negotiated arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985). There is a "healthy regard for the federal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Co.*, 460 U.S. 1, 24 (1983).  When the scope of the arbitration clause is open to question, the court must decide in favor of arbitration. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960).     The Agreement's arbitration clause provides that " if the parties are unable to resolve a dispute hereunder, and except for Sections 10.3 and 13.2 hereof, all such disputes shall be submitted to arbitration." *See* Complaint,  Exhibit B at pp. 48-49.

   Section 13.2, entitled "Exceptions to Arbitration," states:

   If both parties agree that an Event of Default has

occurred, the non-defaulting Party may exercise any
remedy given under the agreement without proceeding to
arbitration. However, if one party believes in good
faith that no Event of Default has occurred, and
promptly informs the Party asserting the existence of
the Event of Default of such belief, then the Parties
shall arbitrate such good faith dispute..."

*See id.*

Additionally, the Agreement also provides that if the parties

are unable to agree that a force majeure event occurred, the

parties shall submit the good faith dispute to arbitration. *See*

*id.* at pp. 44-45.

Anker argues that the arbitration provision is

inapplicable because Barton does not have a good faith belief

that its performance is excused by force majeure. Specifically,

Anker alleges that Barton did not satisfy the notice

requirements for invoking the force majeure provision. Barton

counters that it has a good faith belief that its performance

was excused, thereby requiring arbitration.

Although good faith is required for submission of the

parties' dispute to arbitration, the Agreement does not define

good faith. Because the Agreement is ambiguous, the Court must

resolve the ambiguity in favor of arbitration. *See Moses H.*

*Cone Mem'l Hosp.*, 460 U.S. at 24-25 ("As a result of this

federal policy favoring arbitration, any doubts concerning the

scope of arbitrable issues should be resolved in favor of

arbitration, whether the problem at hand is the *construction of*

*the contract language itself* or an allegation of waiver, delay,

4

or a like defense to arbitrability") (emphasis added).

CONCLUSION

For the reasons discussed above, Barton's  motion to dismiss will be granted.


June 28, 2005 _____/s/_____
Date                          William D. Quarles, Jr.
                              United States District Judge